ORDER
FORDHAM, JUDGE:
An application of the claimant, Sonya Isabell Sparks, for an award under the West Virginia Crime Victims Compensation Act, was filed December 12, 2005. The report of the Claim Investigator, filed September 5, 2006, recommended that the claim be held in abeyance until a police report and autopsy results become available. The claimant filed a response in agreement. An Order was issued on October 17, 2008, denying the claim, in response to which the claimant’s request for hearing was filed October 27, 2008. This matter came on for hearing December 4, 2008, claimant appearing pro se and the State of West Virginia by counsel, Gretchen A. Murphy, Assistant Attorney General.
The claimant’s 32-year-old husband, Flugh “Flavy” Sparks was the victim of criminally injurious conduct
The claimant testified at the hearing of this matter that her husband “took off and went camping” by himself, and the next thing she knew, she heard he was killed. The claimant later heard that he had been camping with a woman named Julie Holmes. In response to a question about the large number of matches found in her husband’s truck, the claimant stated that she didn’t know he had a truck, and that he left to go camping on foot. The claimant testified that she is a disabled widow with one son, and that they *364 receive government benefits. She indicated that her husband worked logging jobs, but did not know if he received a regular paycheck or cash.
Also testifying was the victim’s father, Rush Harvey Sparks. Mr. Sparks stated that he offered to post a $5,000.00 reward for information leading to the arrest of the person who killed his son, but his offer was refused. According to Mr. Sparks, his son’s body was left in the woods for the animals. His tent was found in the river. Mr. Sparks testified that the claimant is a good mother to his grandson, and that he would do anything to help her or him.
The final witness at the hearing was Sergeant Travis Foreman, detachment commander in Gauley Bridge, Fayette County. At the time of the incident in question, Sgt. Foreman was the detachment commander in Webster County. It was Sgt. Foreman who discovered the truck along the Williams River. Two witnesses from Nicholas County gave statements. One, Angel Neff, said that she was supposed to go camping with the victim and Julia Holmes, but when she discovered that the suspect Danny Tabor was also going, she backed out because Mr. Tabor was a violent person. She also revealed that her plans with the victim and Julia Holmes were to go and “make dope” in Webster County. When questioned about any evidence of drug making, Sgt. Foreman stated that approximately 14 small books of matches and 62 matchbooks were found in the truck.
The next day, after finding the truck, Sgt. Foreman and several other police officers returned to Williams River and found the victim’s body across the river from the campsite. When asked by the Court if there were any other indicators that the victim was involved in drugs, Sgt. Foreman stated that the other witness, Julia Holmes, had told Angel Neff that the victim and the suspect had become involved in a fight over “dope.” However, the suspect has not been indicted, and the case is still pending.
The Court has carefully reviewed the testimony of the investigating State trooper and the statements provided to the Court by other witnesses in this tragic case. It would appear that while Mr. Sparks was indeed the victim of a homicide, there is credible evidence that he was involved in “contributory misconduct,” defined by W.Va. Code §14-2A-3(1) as any conduct of the victim “that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim....”
The Court is aware that the criminal investigation in this case is ongoing. Should subsequent investigation reveal that the unfortunate victim in this case was not involved in any contributory misconduct, the claimant Sonya Sparks is encouraged to contact the Crime Victims Compensation Fund for reconsideration of this matter.